```
           UNITED STATES DISTRICT COURT
            MIDDLE DISTRICT OF FLORIDA
                 TAMPA DIVISION
```

SCOTT MITCHELL,

    Plaintiff,

v.                           CASE NO:   8:10-cv-194-T-33TGW

DAVID BEAMISH,

    Defendant.
_____/

## ORDER

This cause comes before the Court pursuant to Defendant David Beamish's Motion to Set Aside Clerk's Default (Doc. # 11) filed on July 9, 2010.  Plaintiff Scott Mitchell failed to file a response in opposition.

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[t]he court may set aside an entry of default for good cause . . . ."  Fed. R. Civ. P. 55(c).  Some of the factors that a court may consider in determining whether good cause is shown for setting aside an entry of default include: (1) whether there was excusable neglect on the part of the defaulting party for not answering the complaint; (2) whether the defaulting party responded promptly after notice of the entry of default; (3) whether setting aside the default will not prejudice the non-defaulting party; and (4) whether the defaulting party had a meritorious defense.  <u>Boron v. West</u>

Tex. Exports, Inc., 680 F. Supp. 1532, 1536 (S.D. Fla. 1988), aff'd, 869 F.2d 1500 (11th Cir. 1989); see also Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951-52 (11th Cir. 1996).

The Court finds that all these factors have been met in the case at bar, and Mr. Beamish has established good cause for setting aside the entry of default.

Accordingly, it is **ORDERED, ADJUDGED, and DECREED:**

(1) David Beamish's Motion to Set Aside Clerk's Default (Doc. # 11) is **GRANTED**.

(2) The Clerk is directed to set aside the clerk's entry of default (Doc. # 9).

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 12th day of August, 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Parties and Counsel of Record